IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRANDON CORDELL BENNETT, | CV 18-00006-GF-BMM-JTJ |
| Plaintiff, | |
| vs. | |
| CASCADE COUNTY, CASCADE COUNTY DETENTION CENTER, COMMANDER O'FALLEN, BOB EDWARDS, C/Os BENNETT, LIGHT, VANZOUT, TIBBETTS, GAMEON and WALTERS, | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

Plaintiff Brandon Bennett, a prisoner proceeding in forma pauperis and without counsel, has filed what has been construed as two motions to amend his Complaint (Docs. 14, 15) and a Motion to Reconsider Appointment of Counsel (Doc. 19).

**I.  Motions to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides:

A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

1

whichever is earlier.

Fed.R.Civ.P. 15(a)(1).  The Complaint was directed to be served upon Defendants by Order dated February 27, 2018.  (Doc. 7.)  Counsel for Defendants waived service on March 29, 2018 (Doc. 12) and Defendants filed an Answer on April 30, 2018 (Doc. 18).  Mr. Bennett's motions to amend were filed within 21 days of waiver of service of the Complaint, accordingly the motions to amend will be granted.  However, since Mr. Bennett is a prisoner proceeding in forma pauperis, the Court must review his amendments to the Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from

2

conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*

3

Fed.R.Civ.P. 8(a)(2)).

The Court finds that the claims which Mr. Bennett seeks to add are frivolous and should be dismissed.

**A.  Joshua Racki**

Mr. Bennett first seeks to amend his Complaint to add Joshua A. Racki, the Cascade County Attorney, as a Defendant.  He claims Mr. Racki, as the chief law enforcement official for Cascade County, is therefore responsible for the custody of federal inmates in the Cascade County Detention Facility and the conditions therein.

Supervising officers cannot be held liable under a respondeat superior theory under section 1983.  *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-94 91978).  That is, a defendant cannot be held liable just because they supervise other employees.  Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).  "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

A supervisor may be liable:  (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others.  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Allegations against supervisors which resemble "bald" and "conclusory" allegations will be recommended for dismissal.  *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).  Allegations that a supervisory defendant had personal knowledge of a constitutional violation will be insufficient without "specific allegations regarding each Defendant's purported knowledge" of the violation.  *Hydrick*, 669 F.3d at 942.  Mr. Bennett must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates."  *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

Mr. Bennett's only allegation against Mr. Racki is that he is the chief law enforcement official for Cascade County and is therefore responsible for the custody of federal inmates in the Cascade County Detention Facility and the conditions therein.  These are insufficient allegations to state a claim for

5

supervisory liability against Mr. Racki and therefore those claims should be dismissed.

### B.  Medical Care

In his second motion to amend, Mr. Bennett alleges that on January 24, 2018 Officer Kneifer called over the pod intercom for the inmates to lock down for medication pass.  Mr. Bennett waited in his cell for medication pass to start but it never happened.  Officers later told him that medical came in to do the medication pass and no one showed up to receive the medications.  Officer Kneifer explained to him that he was supposed to line up when she called over the intercom to lock down for medication pass.  (Mtn to Amend, Doc. 15 at 1-2.)

The Ninth Circuit Court of Appeals recently confirmed that a pretrial detainee's Fourteenth Amendment claim for the denial of medical treatment must meet the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (ii) those conditions put the plaintiff at substantial risk of suffering serious harm;
> (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " *Id. (quoting Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) ). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* The " 'mere lack of due care' " is insufficient. *Id. (quoting Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) ).

Mr. Bennett himself labels his claims as medical negligence. While he argues the conduct was intentional, he admits staff announced medication pass but the detainees were confused regarding whether they were to come out of their cells. He alleges this occurred on only one occasion. These factual allegations do not establish an intentional decision to deny Mr. Bennett medical care or that the single missed dose of medication put Mr. Bennett at a substantial risk of suffering serious harm. At most he alleges negligence which is insufficient. His allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). This claim should be dismissed.

## II. Motion to Reconsider Appointment of Counsel

Local Rule 7.3 provides as follows:

**(a) Leave of Court Required.** No one may file a motion for reconsideration of an interlocutory order without prior leave of court.

**(b) Form and Content of Motion for Leave.** A motion for leave to file a motion for reconsideration may seek reconsideration only of an interlocutory order, must be limited to 2,275 words or, for pro se litigants, seven pages, and must specify why it meets at least one of the following:

    (1)    (A)    the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*

            (B)    despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

    (2)    new material facts arose or a change of law occurred after entry of the order.

**(c) Prohibition Against Repetition of Argument.** No motion for leave to file a motion for reconsideration of an interlocutory order may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. Bennett did not file a motion for leave to file a motion for reconsideration but out of an abundance of caution the Court will liberally construe the filing as a motion for leave to file a motion for reconsideration. Regardless, Mr. Bennett does not meet the criteria for reconsideration and the motion will be denied.

Mr. Bennett first argues that he does not understand Defendants' Answer to

8

the Complaint.  He is advised that an answer is just a document which allows Defendants to admit or deny the allegations Mr. Bennett raised in his Complaint. Defendants have not yet moved to dismiss his claims, they have just raised the defenses which they feel are applicable to his claims.  This is not grounds to reconsider the appointment of counsel.

Next, Mr. Bennett argues that he is in the midst of a serious criminal case and has recently filed another civil action against another facility.[1]  He also argues that he is being transferred between facilities up to three times a month and his legal work is frequently "sorted," lost, and/or misplaced.  In addition, he cites to a lack of privacy in his legal work.  These are insufficient reasons to appoint counsel.

As set forth in the prior Order denying Mr. Bennett's motion for the appointment of counsel, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances" which "requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789

---

[1]If Mr. Bennett is referring to *Bennet v. Core Civic, Inc., et al.*, Civil Action No. 18-cv-67-GF-BMM, that matter has been recommended for dismissal.

9

F.2d 1328, 1331 (9th Cir. 1986) (citations omitted); *see also* 28 U.S.C. §

1915(e)(1).  Mr. Bennett has still not made a sufficient showing of exceptional

circumstances.  Mr. Bennett has presented his claims sufficiently but has not

demonstrated a likelihood of success on the merits.  The Court appreciates the

difficulties he faces in being transported between different facilities.  Should he

need additional time to meet Court deadlines as set forth in the Scheduling Order,

he should file a motion for extension of time prior to expiration of the deadline.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Mr. Bennett's Motions to Amend (Docs. 14, 15) are GRANTED.

2.  Mr. Bennett's Motion to Reconsider Appointment of Counsel (Doc. 19)

is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Bennett's claims against Joshua Racki County Attorney as raised in his

first Motion to Amend (Doc. 14) should be DISMISSED.

Mr. Bennett's claims against Planned Parenthood of Great Falls, Officer

Kneifer, Medical Staff on duty January 24, 2018, and Officer Gremenwald and all

claims raised in the April 24, 2018 Motion to Amend (Doc. 15) should be

DISMISSED for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of May, 2017.


     */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Bennett is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

11