# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| BRANDON CORDELL BENNETT,<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE COUNTY, et al.,<br><br>Defendants. | CV-18-00006-GF-BMM-JTJ<br><br><br><br>**ORDER** |

Plaintiff Brandon Bennett filed what has been construed as two motions to amend his Complaint (Docs. 14, 15) and a motion to reconsider appointment of counsel (Doc. 19). United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 30, 2018. (Doc. 23.) Neither party filed objections.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

**A. Joshua Racki**

Bennett seeks to amend his Complaint to add Joshua A. Racki, the Cascade County Attorney, as a defendant. Bennett alleges that Racki remains responsible for the custody of federal inmates in the Cascade County Detention Facility and the conditions therein. Supervising officers cannot be held liable under a respondeat superior theory under §1983. *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 691-94 (1978). Supervising officers can be held under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Judge Johnston correctly determined that Bennett alleges only that Racki as the chief law enforcement official for Cascade County remains responsible for the custody of federal inmates at the Cascade County Detention Center. (Doc. 23 at 5.) This allegation proves insufficient to state a claim for supervisory liability against Racki. This claim will be dismissed.

**B. Medical Care**

Bennett alleges that on January 24, 2018, he was denied medical treatment. Bennett alleges that Officer Kneifer called over the pod intercom for the inmates to lock down for medication pass. Bennett waited in his cell, but it never happened. Officer Kneifer explained to Bennett that he needed to line up when she called over the intercom to lock down for medication pass.

To plead a cognizable claim for denial of medical treatment, a plaintiff must prove the following: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk . . . making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Gordon v. Cnty. of Orange*, 888 F.3d 1118 (9th Cir. 2018).

Judge Johnston correctly determined that Bennett's allegation does not establish an intentional decision to deny Bennett medical care or that the single missed dose of medication put Bennett at a substantial risk of suffering serious harm. (Doc. 23 at 7.) This claim will be dismissed.

**C. Motion to Reconsider Appointment of Counsel**

The Court will liberally construe Bennett's filing as a motion for leave to file a motion for reconsideration out of an abundance of caution. A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. 1915(e)(1). Judge Johnston correctly determined that Bennett has not made a showing of exceptional circumstances. (Doc. 23 at 10.)

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 23), are ADOPTED IN FULL.

**IT IS ORDERED** that Bennett's claims against Joshua Racki as raised in his first Motion to Amend (Doc. 14) are DISMISSED.

**IT IS FURTHER ORDERED** that Bennett's claims against Planned Parenthood of Great Falls, Officer Kneifer, Medical Staff on duty January 24, 2018, and Officer Gremenwald and all claims raised in the April 24, 2018, Motion to Amend (Doc. 15) are DISMISSED for failure to state a claim.

DATED this 18th day of June, 2018.

_____
Brian Morris
United States District Court Judge